**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ESTEBAN HERNANDEZ | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| BOFO WATERPROOFING LLC, | ) | Magistrate Judge |
| SYLVIA BARRANCA, individually, and | ) | |
| JULIO BARRANCA, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Esteban Hernandez, by and through his attorneys, for his Complaint against Defendants Bofo Waterproofing LLC., Sylvia Barranca, individually, and Julio Barranca, individually (collectively "Defendants"), states as follows:

## INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks in violation of the FLSA and the IMWL. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

A.     **Plaintiff**

4.     During the course of his employment, Plaintiff Esteban Hernandez:

    a.     has handled goods that move in interstate commerce;

    b.     was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS 105/3; and

    c.     resides in and is domiciled in this judicial district.

B.     **Defendants**

5.     Within the relevant time period, Defendants have done business as Bofo Waterproofing within this judicial district.

6.     Within the relevant time period, Defendant Bofo Waterproofing LLC:

    a.     has been a corporation organized under the laws of the State of Illinois;

    b.     has conducted business in Illinois and within this judicial district;

    c.     has done business as Bofo Waterproofing within this judicial district;

    d.     has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    e.     has had two (2) or more employees who have handled goods that moved in interstate commerce; and

      f.      was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ICLS 105/3(c).

7.      Within the relevant time period, Defendant Sylvia Barranca:

      a.      has been the owner and operator of Defendant Bofo Waterproofing LLC;

      b.      among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff and other similarly situated employees, to authorize payment of wages to Plaintiff and other similarly situated employees, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

      c.      operates within this judicial district and within the state of Illinois; and

      d.      was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

8.      Within the relevant time period, Defendant Julio Barranca:

      a.      has been the operator of Defendant Bofo Waterproofing LLC;

      b.      among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff and other similarly situated employees, to authorize payment of wages to Plaintiff and other similarly situated employees, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

      c.      operates within this judicial district and within the state of Illinois; and

d.       was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and

the IMWL, 820 ILCS 105/3(c).

## FACTUAL BACKGROUND

9.       Defendants own and operate Bofo Waterproofing LLC., a waterproofing business, located on 14900 South Kilpatrick Avenue in Midlothian, Illinois.

10.      Since approximately June 2012 until approximately October 31, 2015, Plaintiff was employed by Defendants to work as a waterproofer and general laborer for Defendants' waterproofing business.

11.      Throughout his employment with Defendants, Plaintiff was paid at an agreed-upon hourly rate by payroll check on a weekly basis.

12.      Within the three (3) years prior to Plaintiff filing this Complaint, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual work weeks, but did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual work weeks.

13.      Within the three (3) years prior to Plaintiff filing this complaint, Defendants have likewise directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, but failed to compensate them at time and a half their regular rate of pay for all time worked in excess of forty (40) hours in those work weeks.

14.      Defendants instead paid Plaintiff and other similarly situated employees at straight time for all time worked.

15.      Defendants' failure to compensate Plaintiff and other similarly situated employees at time and a half their regular rate resulted in violations of the overtime requirements of the FLSA and the IMWL.

4

## COUNT I
## Violation of the FLSA – Overtime Wages
## Plaintiff on behalf of himself and other similarly situated employees
### *Section 216(b) Collective Action*

Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 15 as though set forth herein.

16. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff and similarly situated employees one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 10-15, *supra*.

17. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

18. Other similarly situated employees were likewise directed to work by Defendants and, in fact, did work in excess of forty (40) hours in individual work weeks.

19. Plaintiff and other similarly situated employees were not exempt from the overtime provisions of the FLSA.

20. Plaintiff and other similarly situated employees were entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

21. Defendants did not pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

22. Defendants' failure to pay Plaintiff and other similarly situated employees their overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA.

23. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the collective pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiff's consent to represent is attached hereto as Exhibit A.

B. A judgment in the amount of unpaid overtime wages for all time Plaintiff and other similarly situated employees worked in excess of forty (40) hours in individual work weeks;

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendants violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the IMWL – Overtime Wages**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 23 as though set forth herein.

24. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 10-15, *supra*.

25. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks in the three years prior to Plaintiff filing this lawsuit.

26.     Plaintiff was not exempt from the overtime provisions of the IMWL.

27.     Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

28.     Defendants did not pay Plaintiff overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

29.     Defendants' failure to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours in individual work weeks was a violation of the IMWL.

30.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment on this case.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks as provided by the IMWL;

B.      Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      That the Court declare that Defendants have violated the IMWL;

D.      That the Court enjoin Defendants from violating the IMWL;

E.      Reasonable attorneys' fees and costs as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F.      Such other and further relief as this Court deems appropriate and just.

Dated: September 29, 2017                       Respectfully submitted,

<u>s/Javier Castro</u>
Javier Castro
Lydia Colunga-Merchant
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, Illinois 60602
(312) 795-9115

*Plaintiff's Attorneys*

8